UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAYMUNDO DIMAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-68 |
| | § | |
| VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered Defendants Vanderbilt Mortgage and Finance, Inc., Clayton Homes, Inc., and CMH Homes Inc.'s Verified Motion to Abate (the "Motion to Abate"). (D.E. 34.) For the reasons stated herein, the Motion to Abate is DENIED.

**I.    Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question, as Plaintiffs bring a cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity of citizenship, as Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $ 75,000. (D.E. 1 at 7-8, 16-17.)

**II.    Factual and Procedural Background**

The relevant factual and procedural background of this case is fully recounted in this Court's May 6, 2010 Order. (D.E. 25.) In their First Amended Complaint, Plaintiffs state that "Defendants' violation of the [Texas Debt Collection Practices Act ("DCPA")]

also constitute violations of the Texas Deceptive Trade Practices Act." (D.E. 24 ¶ 41.) Based upon this statement, Defendants Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), Clayton Homes, Inc. ("Clayton"), and CMH Homes Inc. ("CMH") filed the present Motion to Abate on June 11, 2010 (D.E. 34), seeking to invoke the Deceptive Trade Practices Act ("DTPA") notice provision, Section 17.505(a).[1] Although Plaintiffs state that "[a]ll conditions precedent has [sic] been performed or has [sic] occurred," (D.E. 24 ¶ 31) Defendants state that they have not received written notice regarding the alleged violations of the DTPA, as is required under that statute. As such, Defendants argue that this action must be abated until sixty days after they are served with proper notice. (D.E. 34 at 2.) Plaintiffs oppose the requested relief. (D.E. 35.)

### III. Discussion

#### A. Background

The DTPA, Section 17.505(a) provides that "[a]s a prerequisite to filing a suit seeking damages under [Section 17.50(b)(1)] against any person, a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant. During the 60-day period a written request to inspect, in a reasonable manner and at a reasonable time and place, the goods that are the subject of the consumer's action or claim may be presented to the consumer." Tex. Bus. & Comm. Code § 17.505(a).

If notice is not provided, the defendant "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which

---

[1] Defendants filed Answers to the First Amended Complaint on May 12, 2010. (D.E. 27, 28, 29.)

the suit is pending. This subsection does not apply if Subsection (b) [providing exceptions for statutes of limitations and counterclaims] applies." Id. § 17.505(c). If these procedures are followed, "[t]he court shall abate the suit if the court, after a hearing, finds that the person is entitled to an abatement because notice was not provided as required by this section. A suit is automatically abated without the order of the court beginning on the 11th day after the date a plea in abatement is filed under Subsection (c) if the plea in abatement: (1) is verified and alleges that the person against whom the suit is pending did not receive the written notice as required by Subsection (a); and (2) is not controverted by an affidavit filed by the consumer before the 11th day after the date on which the plea in abatement is filed." Id. § 17.505(d).

Any abatement issued "continues until the 60th day after the date that written notice is served in compliance with Subsection (a)." Id. § 17.505(e); see Richardson v. Foster & Sear, L.L.P., 257 S.W.3d 782, 785 (Tex. App. – Ft. Worth 2008) ("[W]hen a plaintiff fails to provide presuit notice under subsection (a) [of Section 17.505], the trial court must abate the suit until the plaintiff serves notice that complies with subsection (a)."); Y2K Enterprises, Inc. v. Carriere, 2007 WL 1844427, at *2 (S.D. Tex. June 28, 2007) ("If a plaintiff files an action for damages under the DTPA without first giving the required notice and a defendant timely requests an abatement, the trial court must abate the proceedings if it determines that notice was not provided as required.").

"The purpose of this notice requirement is to provide an opportunity for settlement and avoidance of litigation expenses." Brown v. Brand, 2001 WL 1589179, at *1 (Tex. App. – El Paso Dec. 13, 2001) (citing Hines v. Hash, 843 S.W.2d 464, 469 (Tex. 1992)).

**B.     Analysis**

Defendants' Motion to Abate fails in an important respect.  Section 17.505(a) applies only to the "filing [of] a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50."  Tex. Bus. & Comm. Code § 17.505(a).  Section 17.50(b) in turn provides for recovery of economic damages, with increased damages for knowing or intentional conduct.  Id. § 17.50(b)(1).  In their response, Plaintiffs clarify that they "have not brought suit under Section 17.50 of the Texas Deceptive Trade Practices Act."  (D.E. 35 at 1.)  Plaintiffs further explain, "[a] simple reading of Plaintiffs' Complaint reveals that the Plaintiffs have not filed a suit seeking damages under section 17.50 of the DTPA.  While the conduct . . . amounts to violations of many state and federal laws, including the Texas DTPA, Plaintiffs have not filed suit seeking damages under § 17.50 of the Texas DTPA."  (D.E. 35 at 3-4.)

Consistent with Plaintiffs' statements, the Court does not interpret the Amended Complaint to state a claim for violations of the DTPA.  Rather, the Amended Complaint states only, "Defendants' violations of the DCPA also constitute violations of the Texas Deceptive Trade Practices Act," (D.E. 24 ¶ 41), consistent with Section 392.404 of the Texas Finance Code, which provides that "[a] violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."  Tex. Fin. Code § 392.404(a).   No where in the Amended Complaint do Plaintiffs state that they in fact seek damages under Section 17.50(b)(1). (D.E. 24.)  The Court does not interpret Plaintiffs' brief reference to the

DTPA as an actual cause of action under that Section.[2] As such, the notice provision of Section 17.505 is inapplicable.

### IV. Conclusion

For the reasons stated above, Defendants Vanderbilt Mortgage and Finance, Inc., Clayton Homes, Inc., and CMH Homes Inc.'s Verified Motion to Abate is DENIED. (D.E. 34.)

SIGNED and ORDERED this 24th day of June, 2010.

_____
Janis Graham Jack
United States District Judge

---

[2] In support of their Motion, Defendants cite Cushman v. GC Servs., LP, 657 F. Supp. 2d 834 (S.D. Tex. 2009). In that case, the plaintiff explicitly stated a cause of action under the DTPA. 657 F. Supp. 2d at 837. The defendant in that case argued that the plaintiff lacked standing under the DTPA because she did not qualify as a "consumer" under the statute and "consumer status is an essential element of a DTPA cause of action." Id. at 838. The plaintiff responded that the "tie in" provision of the DCPA, § 392.404(a) provided standing. Id. at 839. The Court held that the plaintiff did not meet the DTPA's test for "consumer" and was therefore precluded from bringing suit under the DTPA. Id. at 844. The court in Cushman did not address the issue here, namely whether Plaintiffs must comply with the DTPA notice requirements merely because the DTPA is referenced in the Amended Complaint.